IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRIS WARD                                                                                   PLAINTIFF

                     v.                     Civil No. 13-5276

KELLEY CRADDUCK, Sheriff, Benton
County, Arkansas; CAPTAIN (CAPT) JEREMY
GUYLL; LIEUTENANT VANG (LT); SEARGENT
(SGT); SGT. SIMMONS; SGT MARTINEZ; SGT.
RANKIN; SGT. SHARP; SGT. FAULKINBERRY;
SGT. LARRA; DEPUTY LONG; DEPUTY
SIMMONS; DEPUTY NUGENT; DEPUTY ADAMS;
DEPUTY RILEY; DEPUTY DIXON; DEPUTY
HUBBARD; DEPUTY SCOTT; DEPUTY RAHN;
NURSE DARLA (last name unknown); MATT (last
name unknown; however, he indicated this was a
commissary worker; UNSPECIFIED NUMBER OF
JOHN AND JANE DOES; and TRANSPORT
OFFICER JOHNSON                                            DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The Plaintiff proceeds *in forma pauperis* and *pro se.*

Plaintiff maintains his constitutional rights were violated while he was incarcerated at the Benton County Detention Center (BCDC). Specifically, he alleges his rights were violated when: (1) he was denied access to a law library, denied copies of case law, and prohibited from bringing his legal work to his barracks; (2) on repeated occasions his legal papers were confiscated; (3) he was reclassified and put in segregation without a hearing; (4) he was subjected to multiple unconstitutional conditions of confinement; (5) excessive force was used against him on several occasions; (6) he was classified as a sex offender despite the fact that he had never been convicted,

charged, or even accused of a sex crime; (7) he was refused the opportunity to call witnesses at his disciplinary hearing and his privileges were taken away before the hearing was held; (8) he was denied the right to practice his Wiccan religion; (9) he was taunted, shouted at, and profanity was used; (10) the kiosk used to submit grievances and requests was either turned off or not working for periods of time; and (11) on one occasion an officer demanded to read a note from Plaintiff to his attorney.

Plaintiff has named as Defendants twenty-one individuals from the BCDC. He seeks both injunctive relief and monetary damages.

**Discussion**

Several of Plaintiff's claims are subject to dismissal. His claim against Deputy Rahn is that he would shout and use profanity. His claim against Deputy Dixon is that he taunted the Plaintiff with a piece of pizza. Taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); O'Donnell v. Thomas, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985)("Verbal threats do not constitute a constitutional violation"); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). Cf. Burton v. Livingston, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise

AO72A
(Rev. 8/82)

of his rights in petitioning a federal court for redress, terrorized him with threats of death."). The claims against Deputies Rahn and Dixon should be dismissed.

Plaintiff's claims against Sheriff Kelley Cradduck are based on the fact that Plaintiff wrote to him and asked for the kiosk to be fixed. Plaintiff received no response. This single communication is the basis on which Plaintiff seeks to hold Sheriff Cradduck liable. There is no allegation that Plaintiff was prohibited from submitting grievances or requests during the time the kiosk was broken. In fact, Plaintiff states he was forced to submit grievances and requests in paper form. No allegation is made that the Sheriff was responsible for reviewing grievances or requests.

A claim of deprivation of a constitutional right cannot be based on a respondent superior theory of liability. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). "The general responsibility . . . for supervising the operation of a [facility] is not sufficient to establish personal liability." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). "[A] bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff, [or] even an explicit charge of inadequate training or supervision of subordinates, is [not] sufficient to state a [§ 1983] claim." Id.; see also Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010). There is no allegation that Sheriff Cradduck was involved in any way with the processing of grievances or requests or with the kiosk being turned off or broken. The claims against Sheriff Cradduck should be dismissed.

Plaintiff's claim against Matt, the commissary worker, is based on the fact that he denied Plaintiff an indigent pack because Plaintiff did not submit his request properly. Plaintiff asserts that

AO72A
(Rev. 8/82)

he could not submit his request through use of the kiosk because it was broken. No claim of constitutional dimension is stated here. Matt was simply following procedures and Plaintiff has not alleged that the procedures are unconstitutional or that Matt played any role in establishing the procedures.

### Conclusion

For the reasons stated, I recommend that the claims against Sheriff Cradduck, Deputy Rahn, Deputy Dixon, and Matt the commissary worker be dismissed for failure to state a claim upon which relief may be granted. By separate order the complaint will be served on the remaining Defendants.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of February 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE